FILED
2021 Jul-19  AM 11:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| **LORRIE CUDNOHUFSKY,** | ) |
| **DARINA WYNETTE BEASLEY,** | ) |
| **MARINA BROMLEY, KEVIN** | ) |
| **RUSSELL, MICHAEL HILL,** | ) |
| **TABITHA MINDY TERRY,** | ) |
| **VICTOR COFER, STEVEN** | ) |
| **PAUTZ, LOUANN KOMIENSKY,** | ) |
| **MICHAEL STATEN, TONYA** | ) |
| **STATEN, RENEE RUSSELL,** | ) |
| **PAMELA SHELTON, JOHN** | ) |
| **EDWARD RIOS, TAWANNA** | ) |
| **EATON, ANDREA LYLE-CAIRL,** | ) |
| **DESIREE MARTINDALE, JOHN** | ) |
| **CHIZMAR, JOEL BALDRIDGE,** | ) |
| **JESSE POLLARD, ASHLEY** | ) |
| **LYNN KENNEDY, WAYNE** | ) |
| **GALE, JEREMY ROSE,** | ) |
| **LAMETRICA SHEPHERD,** | ) |
| **LACY BONNELLE. WHITNEY** | ) |
| **MEADE, MELISSA JOY** | ) |
| **SIMMONS, SANDRA** | ) |
| **FULLENWIDER-STEWART,** | ) |
| **MARSHA KEENEY, JARED** | ) |
| **MASON JOHNSON, KATIE** | ) |
| **LYNN TILLMAN, DERRICK** | ) |
| **RANDOLPH, ALETA HARRIS,** | ) |
| **and JUNE N. GRAHAM,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No. _____** |
| | ) |
| **APPLE, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

1.     Plaintiffs Lorrie Cudnohufsky, Darina Wynette Beasley, Marina Bromley, Kevin Russell, Michael Hill, Tabitha Mindy Terry, Victor Cofer, Steven Pautz, Louann Komiensky, Michael Staten, Tonya Staten, Renee Russell, Pamlea Shelton, John Edward Rios, Tawanna Eaton, Andrea Lyle-Cairl, Desiree Martindale, John Chizmar, Joel Baldridge, Jesse Pollard, Ashley Lynn Kennedy, Wayne Gale, Jeremy Rose, Lametrica Shepherd, Lacy Bonnelle, Whitney Meade, Melissa Joy Simmons, Sandra Fullenwider-Stewart, Marsha Keeney, Jared Mason Johnson, Katie Lynn Tillman, Derrick Randolph, Aleta Harris and June N. Graham submit this as their complaint against defendant Apple, Inc.

## PARTIES, JURISDICTION, AND VENUE

2.     Lorrie Cudnohufsky is a resident citizen of Cullman County, Alabama. She owned an iPhone 6 and downloaded the 10.2.1 update.

3.     Darina Wynette Beasley is a resident citizen of Cullman County, Alabama. She owned an iPhone 6S and downloaded the 10.2.1 update.

4.     Marina Bromley is a resident citizen of Cullman County, Alabama. She owned an iPhone SE and downloaded the 10.2.1 update.

5.     Kevin Russell is a resident citizen of Jackson County, Alabama. He owned an iPhone 6 Plus and downloaded the 10.2.1 update.

6.      Michael Hill is a resident citizen of Jackson County, Alabama. He owned an iPhone 7 and downloaded the 11.2 update.

7.      Tabitha Mindy Terry is a resident citizen of Lawrence County, Alabama. She owned an iPhone 6 and downloaded the 10.2.1 update.

8.      Victor Cofer is a resident citizen of Limestone County, Alabama. He owned an iPhone 7 and downloaded the 11.2 update.

9.      Steven Pautz is a resident citizen of Limestone County, Alabama. He owned an iPhone 6 Plus and downloaded the 10.2.1 update.

10.     Louann Komiensky is a resident citizen of Limestone County, Alabama. She owned an iPhone 7 Plus and downloaded the 11.2 update.

11.     Michael Staten is a resident citizen of Limestone County, Alabama. He owned an iPhone 6S and downloaded the 10.2.1 update.

12.     Tonya Staten is a resident citizen of Limestone County, Alabama. She owned an iPhone 6 and downloaded the 10.2.1 update.

13.     Renee Russell is a resident citizen of Madison County, Alabama. She owned an iPhone 7 Plus and downloaded the 11.2 update.

14.     Pamela Shelton is a resident citizen of Madison County, Alabama. She owned an iPhone 6 Plus and downloaded the 10.2.1 update.

15.     John Edward Rios is a resident citizen of Madison County, Alabama. He owned an iPhone 7 Plus and downloaded the 11.2 update.

16.     Tawanna Eaton is a resident citizen of Madison County, Alabama. She owned an iPhone 7 and downloaded the 11.2 update.

17.     Andrea Lyle-Cairl is a resident citizen of Madison County, Alabama. She owned an iPhone 6 Plus and downloaded the 10.2.1 update.

18.     Desiree Martindale is a resident citizen of Madison County, Alabama. She owned an iPhone 6S Plus and downloaded the 10.2.1 update.

19.     John Chizmar is a resident citizen of Madison County, Alabama. He owned an iPhone 6 and downloaded the 10.2.1 update.

20.     Joel Baldridge is a resident citizen of Madison County, Alabama. He owned an iPhone 6 and downloaded the 10.2.1 update.

21.     Jesse Pollard is a resident citizen of Madison County, Alabama. He owned an iPhone 6S and downloaded the 10.2.1 update.

22.     Ashley Lynn Kennedy is a resident citizen of Madison County, Alabama. She owned an iPhone 6S and downloaded the 10.2.1 update.

23.     Wayne Gale is a resident citizen of Madison County, Alabama. He owned an iPhone 7 and downloaded the 11.2 update.

24.     Jeremy Rose is a resident citizen of Madison County, Alabama. He owned an iPhone 6S Plus and downloaded the 10.2.1 update.

25.     Lametrica Shepherd is a resident citizen of Madison County, Alabama. She owned an iPhone 6 Plus and downloaded the 10.2.1 update.

26.     Lacy Bonnelle is a resident citizen of Madison County, Alabama. She owned an iPhone 6 Plus and downloaded the 10.2.1 update.

27.     Whitney Meade is a resident citizen of Madison County, Alabama. She owned an iPhone SE and downloaded the 10.2.1 update.

28.     Melissa Joy Simmons is a resident citizen of Madison County, Alabama. She owned an iPhone 6S and downloaded the 10.2.1 update.

29.     Sandra Fullenwider-Stewart is a resident citizen of Madison County, Alabama. She owned an iPhone 6 and downloaded the 10.2.1 update.

30.     Marsha Keeney is a resident citizen of Morgan County, Alabama. She owned an iPhone 7 and downloaded the 11.2 update.

31.     Jared Mason Johnson is a resident citizen of Morgan County, Alabama. He owned an iPhone 6S and downloaded the 10.2.1 update.

32.     Katie Lynn Tillman is a resident citizen of Morgan County, Alabama. She owned an iPhone 6S Plus and downloaded the 10.2.1 update.

33.     Derrick Randolph is a resident citizen of Morgan County, Alabama. He owned an iPhone 6S Plus and downloaded the 10.2.1 update.

34.     Aleta Harris is a resident citizen of Morgan County, Alabama. She owned an iPhone 6 and downloaded the 10.2.1 update.

35.     June Graham is a resident citizen of Morgan County, Alabama. She owned an iPhone 6 Plus and downloaded the 10.2.1 update.

36.    Defendant Apple, Inc. is a corporation organized under the laws of California, with its principal place of business in Santa Clara County, California. It is a corporate citizen of California.

37.    Pursuant to 28 U.S.C. § 1331, this court has jurisdiction because Plaintiffs bring claims under federal law, specifically the Computer Fraud and Abuse Act, codified at 18 U.S.C. § 1030 et seq.

38.    This court also has jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367, because they arise from the same Article III case or controversy as the federal claims.

39.    Venue is proper in the Northeastern Division of the Northern District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district and division, where all plaintiffs reside.

## FACTUAL ALLEGATIONS

40.    Each plaintiff owns or owned an Apple iPhone in the 6 or 7 series (which include the iPhone 6, 6 Plus, 6S, 6S Plus, SE, 7, and 7 Plus) and purchased the iPhone with the reasonable expectation that the device would function properly, as advertised, and that performance would not be degraded by Apple.

41.    Apple is the manufacturer of the iPhone, including all the models listed in Paragraph 18.

42.    Every iPhone comes installed with a mobile operating system called iOS, which consists of a collection of software applications that allow users to utilize all the features of Apple products.

43.    Since the iPhone was first released, there have been many versions of iOS. Apple prompts consumers to download the newest iOS version onto their iPhones when new versions are released. Apple encourages customers to upgrade their software on a regular basis for optimal iPhone performance.

44.    Every new iOS update comes with release notes. In the release notes of iOS 10.2.1, issued for the iPhone 6, 6 Plus, 6S, 6S Plus, and SE, Apple claimed the update "include[d] bug fixes and improve[d] the security" of iPhones.

45.    When prompted by Apple, Plaintiffs Lorrie Cudnohufsky, Darina Wynette Beasley, Marina Bromley, Kevin Russell, Tabitha Mindy Terry, Steven Pautz, Michael Staten, Tonya Staten, Pamela Shelton, Andrea Lyle-Caril, Desiree Martindale, John Chizmar, Joel Baldridge, Jesse Pollard, Ashley Lynn Kennedy, Jeremy Rose, Lametrica Shepherd, Lacy Bonnelle, Whitney Meade, Melissa Joy Simmons, Sandra Fullenwider-Stewart, Jared Mason Johnson, Katie Lynn Tillman, Derick Randolph, Aleta Harris, and June Graham updated their iPhone's software to iOS version 10.2.1.

46.    As a result, each Plaintiffs' iPhone's performance deteriorated substantially. Apps take an unduly long time to open, update, and respond to inputs

such as swiping and scrolling. Websites and Apps crash and are slow to load. Plaintiffs did not experience such hampered performance until after installing the software update.

47.    Apple issued iOS update 11.2 for the iPhone 7 and 7 Plus. In the release notes for this update, the company stated that it included "nearly two-dozen bug and security fixes" as well as the Apple Pay feature.

48.    When prompted by Apple, Plaintiffs Michael Hill, Victor Cofer, Louann Komiensky, Renee Russell, John Edward Rios, Tawanna Eaton and Wayne Gale updated their iPhone 7 series with the 11.2 update.

49.    Apple knowingly failed to disclose to Plaintiffs that the 11.2 update would diminish performance of their iPhone 7.

50.    As a result, the performance of Plaintiffs' iPhone 7 deteriorated substantially. Apps take an unduly long time to open, update, and respond to inputs such as swiping and scrolling. Websites and Apps crash and are slow to load. Plaintiff did not experience such hampered performance until after installing the software update.

51.     Apple did not warn Plaintiffs of the potential consequences of the software updates until many months after Plaintiffs updated the software.

52.    Apple publicly admitted that it degraded the performance of each Plaintiffs' iPhones by issuing iOS updates. See Attachment A.

53.    Apple knowingly deprived Plaintiffs of material information concerning the software update's negative effects on iPhone performance and the cause of subsequent degradation in performance.

## COUNT 1

## VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT

*18 U.S.C. § 1030, et seq.*

54.    Each allegation made above is realleged as if fully set forth herein.

55.    Apple caused Plaintiffs to download and install iOS Updates to their Devices without informing its customers that the iOS Updates contained code that would diminish Device performance, or throttle performance, in order to compensate for undisclosed Defects in those Devices. Accordingly, Plaintiffs did not give permission for Apple to install iOS Updates onto their Devices—nor could they— as Apple did not provide material information to Plaintiffs regarding the updates.

56.    Apple violated 18 U.S.C. § 1030(a) by knowingly causing the transmission of iOS software updates to Plaintiffs' devices to access, collect, and transmit information to Devices, which are protected computers as defined in 18 U.S.C. § 1030(e)(2)(B), because they are used in interstate commerce and/or communication. By transmitting information to Plaintiffs' devices, Apple intentionally caused damage without authorization to Plaintiffs' devices by

impairing the ability of those Devices to operate as warranted, represented, and advertised.

## COUNT 2

## CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT[1]

*Cal. Penal Code § 502, et seq.*

57.    Each allegation made above is realleged as if fully set forth herein.

58.    In pushing updates to its iOS to unsuspecting users of its Devices, Apple violated the California Penal Code, Computer Data Access and Fraud Act, Cal. Penal Code § 502, et seq.

59.    When Apple provided iOS updates to consumers like Plaintiffs, they did not know, nor could they in the exercise of reasonable diligence know, that the software updates contained code that would throttle their Devices.

60.    Because consumers did not know that the iOS updates contained such throttling code, they did not give Apple permission to access their devices to alter the data or computer systems on those devices.

61.    Apple provided the iOS Updates to consumers as part of a scheme or artifice to defraud and deceive, because it provided the updates to consumers instead of informing them of the defects and battery issues inherent on their devices. Indeed,

---

[1] Plaintiffs bring claims under California law because Apple's uniform iOS Software License Agreement provides that California Law shall apply. Plaintiffs' claims arise from Apple's unlawful installation of operating software that throttled Plaintiffs' devices.

Apple could have informed consumers that the battery issues they were having with their devices could be resolved via a battery replacement. Apple instead chose concealment, and throttling devices via the installation of software placed onto users' devices for that purpose.

62.    Apple offered iOS updates to consumers to throttle their devices as a means to encourage consumers to purchase new devices, wrongfully obtaining money from those consumers.

63.    By offering the iOS updates to consumers, instead of revealing the truth, Apple disrupted or caused the disruption of consumer services when it improperly and unlawfully throttled users' devices. Plaintiffs did not consent to having their devices throttled, and had they known that the iOS updates would throttle their devices, they would not have installed the iOS updates.

64.    As a result of Apple's unlawful conduct, Plaintiffs were damaged in an amount to be determined at trial.

65.    Plaintiffs seek all monetary and non-monetary relief allowed by law, including damages and punitive damages, an order enjoining the acts and practices described above, attorneys' fees, and costs under the CDAFA.

## COUNT 3

## VIOLATION OF THE UNFAIR COMPETITION LAW

*Cal. Bus. & Prof. Code §§ 17200 et seq.*

66.     Each allegation made above is realleged as if fully set forth herein.

67.     The Unfair Competition Law (UCL) prohibits unlawful, unfair, or fraudulent acts in the course of business.

68.     Apple's unlawful acts in violation of the CDAFA, described in Count 2, caused Plaintiffs to suffer injury in fact and to lose money or property, including from not receiving the benefit of their bargain in purchasing the iPhones and increased time and expense dealing with performance issues. See Cal. Bus. & Prof. Code § 17204.

69.     Plaintiffs seek all monetary and non-monetary relief allowed under the UCL, including restitution of all profits stemming from Apple's unlawful business practices; injunctive relief; declaratory relief, attorneys' fees and costs, and other appropriate equitable relief.

## COUNT 4

## CONSUMER'S LEGAL REMEDIES ACT

### *Cal. Civ. Code § 1770*

70.     Each allegation made above is realleged as if fully set forth herein.

71.     The Consumer's Legal Remedies Act ("CLRA" is a comprehensive consumer protection statute codified at an after Section 1750 of the California Civil Code. The CLRA is to be interpreted liberally to protect consumers against unfair and deceptive practices in the trade and commerce of consumer goods.

72.    The CLRA provides for injunctive and other relief, as well as for claims for damages. However, at least thirty days before a claim for damages may be brought, notice complying with California Civil Code Section 1782 must be delivered to the Defendant. In this complaint, Plaintiffs bring a claim for injunctive relief under the CLRA but do not bring a claim for damages. Notice compliant with Section 1782 has been delivered to Apple concurrent with the filing of this complaint.

73.    In section 1770 of the California Civil Code, the CLRA prohibits several specific deceptive practices, including representing that goods and services have characteristics they do not have and representing that goods or services are of a particular standard, quality, or grade, when they are not, advertising goods or services with intent not to sell them as advertised, and representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

74.    Apple represented that the batteries in Plaintiffs' iPhones were sufficient to properly power their phones and allow them to run the applications thereon. It omitted the fact that the battery sold with Plaintiffs' iPhones could not support their phones in the manner that consumers' typically use them. Without informing Plaintiffs, Apple then placed the throttling software on Plaintiffs' iPhones

to conceal the battery defects, omitting this purpose from the release notes and concealing it from Plaintiffs.

75.     Apple thus represented that the iPhones had characteristics that they did not, and that the iPhones and their batteries were of a particular quality when they were not. Apple also misrepresented the nature of the updates it encouraged Plaintiffs to download to their iPhones.

76.     Plaintiffs relied on Apple's representations and did not know the battery sold with the iPhones they purchased could not support their phones. Plaintiffs also did not know that the purpose of the iOS update was to place throttling software on their phones.

77.     As a result of Apple's violation of the CLRA, Plaintiffs suffered injury, including damage to their iPhones and losses incurred in responding to the damage. Plaintiffs seek declaratory and injunctive relief declaring that Apple's conduct violates the CLRA and preventing Apple from continuing to do so.

78.     As a result of Apple's violation of the CLRA, Plaintiffs suffered injury, including damage to their iPhones and losses incurred in responding to the damage. Pursuant to Section 1782(a) of the California Civil Code, this Complaint shall serve as Plaintiffs' notice and demand that Apple correct, repair, replace, or otherwise rectify the violations of the CLRA described herein. Plaintiffs shall amend this Complaint after at least thirty days to formally allege a claim for all relief allowed

by the CLRA, including money damages, punitive damages, and attorneys' fees and costs.

## COUNT 5

## TRESPASS TO CHATTELS

79.    California common law prohibits the intentional intermeddling with personal property in the possession of another, without consent, that results in either a) the deprivation of the use of that personal property; or b) the impairment of the condition, quality, or usefulness of the property.

80.    Apple impaired the condition, quality, and usefulness of Plaintiffs' devices, or parts of them, without their knowledge or consent. Such acts constituted an intentional interference with the use of the devices.

81.    Apple acted intentionally, because it knew that Plaintiffs were downloading computer software onto their devices that reduced the performance of the devices. Plaintiffs only consented to the installation of iOS updates that would improve performance, not diminish performance.

82.    Apple engaged in deception to gain access to the devices and install new computer software in the form of iOS updates.

83.    Plaintiffs suffered actual damages as a result of Apple's actions in an amount to be determined at trial.

## JURY DEMAND

Plaintiffs demand trial by struck jury on all issue so triable.

## PRAYER FOR RELIEF

Plaintiffs respectfully pray that the court will do the following:

A) Take jurisdiction of this cause;

B) After a jury trial, enter a final injunction against Apple, Inc. enjoining it from engaging in the illegal activity described herein;

C) After a jury trial enter a final judgment against Apple, Inc., awarding Plaintiffs their monetary damages;

D) Award Plaintiffs their costs and reasonable attorneys' fees as authorized by the California Computer Data Access and Fraud Act;

E) Award any other relief to which the Court finds plaintiffs are entitled.

Respectfully submitted this 16th day of July, 2021

/s/    Dargan M. Ware
Dargan M. Ware
Attorney for Plaintiffs


**OF COUNSEL:**
D. Frank Davis (DAV009)
John E. Norris (NOR041)
Wesley W. Barnett (BAR141)
Dargan M. Ware (WAR089)
Kristan B. Rivers (RIV013)
DAVIS & NORRIS, LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989

fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com
krivers@davisnorris.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed on July 16, 2021 with the United States District Court for the Northern District of Alabama through the CM/ECF electronic filing system and will be served on Defendant Apple in accordance with the Federal Rules of Civil Procedure.

/s/    Dargan M. Ware
Attorney for Plaintiffs